# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**KARA MAXWELL**                                                                                          **PLAINTIFF**

VS.                              No. 3:20-cv-00408 PSH

**KILOLO KIJAKAZI, Acting Commissioner,**
   **Social Security Administration**                                         **DEFENDANT**

## ORDER

Plaintiff Kara Maxwell ("Maxwell") correctly argues that the Administrative Law Judge ("ALJ") erred in her treatment of the medical opinion evidence in this Social Security case. As a result, the case will be remanded for further proceedings.

A final decision was rendered by the Acting Commissioner of the Social Security Administration (defendant "Kijakazi") denying Maxwell Supplemental Security Income ("SSI"). The parties ably summarized the testimony given at the administrative hearing conducted on January 29, 2020. (Tr. 275-295). The relevant period under consideration is from April 1, 2016, the alleged onset date, through May 6, 2020, the date of the ALJ's decision.

*ALJ Error – Medical Opinion Evidence*

In her May 6, 2020, decision, the ALJ discussed the medical evidence and addressed the medical opinions offered by the state agency psychological consultants, consultative examiner Samuel Hester, Ph.D. ("Hester"), and treating psychiatrist Holly Cannon, D.O. ("Cannon"). The ALJ found Cannon's medical opinion was not persuasive:

> The undersigned does not find Dr. Cannon's marked and extreme limitations in understanding and memory, sustained concentration and persistence, social interaction, and adaption persuasive. Dr. Cannon had only three sessions with the claimant at the time of her opinion.
>
> Mental status exams from those appointments do not support Dr. Cannon's limitations. Examinations revealed the claimant was cooperative, alert, and fully oriented with adequate insight and judgment. Thought process was organized. Affect was appropriate. Speech was normal. The claimant denied any problems with concentration. The claimant's own reports of her trips and activities do not support Dr. Cannon's marked social interaction limitations.

(Tr. 35). Relying upon testimony of a vocational expert, the ALJ concluded that Maxwell was capable of performing several jobs in the national economy. It follows that the ALJ ruled Maxwell was not disabled. (Tr. 13-37).

The regulations governing the consideration of the medical opinions were revised for claims filed on or after March 27, 2017. Maxwell filed her claim on October 20, 2017. The new regulations eliminated the "long-standing 'treating physician' rule." *See Fatuma A. v. Saul*, 2021 WL 616522, 5 (D. Minn. 2021), report

2

and recommendation adopted, 2021 WL 615414 (D. Minn. 2021). The regulations now provide the following:

> ... Under the new regulatory scheme, the Commissioner "will not defer or give any specific weight, including controlling weight, to any medical opinion(s)," including those from treating physicians. 20 C.F.R. 404.1520c(a). Instead, ALJs will determine the persuasiveness of each medical source or prior administrative medical findings based on supportability; consistency; relationship with the claimant; specialization; and any other factor that tends to support or contradict a medical opinion. 20 C.F.R. 404.1520c(a), (c). ALJs are required to "explain" their decisions as to the two most important factors—supportability and consistency. 20 C.F.R. 404.1520c(b)(2). The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" a medical opinion is with evidence from other medical and non-medical sources, the more persuasive the opinion should be. 20 C.F.R. 404.1520c(c)(1)-(2).
>   The new articulation requirements are meant to "provide individuals with a better understanding of [the Commissioner's] determinations and decisions" and "provide sufficient rationale for a reviewing adjudicator or court." Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 FR 5844-01, at 5854, 5858 (January 18, 2017). ...

See *Phillips v. Saul*, 2020 WL 3451519, 2 (E.D. Ark. 2020) (Deere, MJ).

The new regulations require the ALJ to discuss, at a minimum, the supportability and consistency of a medical opinion. Here, the ALJ addressed the supportability of Cannon's opinion, citing the number of sessions, the results of mental status examinations, and Maxwell's own reports of her activities. The ALJ did not, however, address the consistency of Cannon's opinion. The regulation provides that a medical opinion which is more consistent with evidence from "other medical

3

and non-medical sources" will be more persuasive. Absent from the ALJ's decision is any discussion or citation of "other medical and non-medical sources" and whether evidence from those sources is consistent with Cannon's opinion.

The Eighth Circuit Court of Appeals has recently addressed this precise set of facts. In *Bonnett v. Kijakazi*, 859 Fed.Appx. 19 (September 20, 2021), the Court found that the ALJ adequately evaluated the supportability of a medical opinion but that the "ALJ did not address whether his opinion was consistent with the other evidence of record, as required by the applicable regulation." *Id*. The Court remanded with instructions to further evaluate the medical opinion under the regulations.

Kijakazi argues the ALJ adequately addressed the consistency of Cannon's opinion by referring to Cannon's own treatment notes. A physician's own treatment notes, however, are typically relevant to the supportability, not the consistency, of the medical opinion. *See. e.g., Dotson v. Saul*, No. 4:20 CV 310 RWS, 2021 WL 2529786, at *5 (E.D. Mo. June 21, 2021).

Kijakazi also contends that the ALJ's general summary of medical evidence supports the ALJ's conclusion that Cannon's opinion was not persuasive. However, the regulation in issue specifically directs the ALJ to address the supportability and consistency of the medical opinions. It does not authorize the Court to affirm based

on evidence in the opinion not specifically considered by the ALJ in an analysis and finding of supportability or consistency. *See Bonnett v. Kijakazi, supra,* (the Court will not affirm based on other evidence in the record when the ALJ "made no such finding" on consistency). An ALJ's decision omitting a discussion of the consistency of a medical opinion cannot be retroactively cured.

*Bonnett* squarely addresses the issue in this instance. Further support comes from *Bonneau v. Saul*, where the ALJ provided an "exceptional" review of the overall evidence, and he engaged in a detailed analysis of the consistency of the medical opinion at issue, but he "completely ignored the [supportability] factor." *Bonneau v. Saul*, No. 3:20-cv-0095-PSH, 2021 U.S. Dist. LEXIS 44605 *11 (E.D. Ark. March 10, 2021). The ALJ's omission prevented a full and fair Court review. Likewise, the ALJ's failure in this case to address the consistency factor prevents a full and fair review of the decision by this Court.

The ALJ's failure to mention and analyze the consistency of Cannon's opinion is error, and the case must be remanded. The ALJ must explicitly address the medical opinions rendered in the case. If the ALJ finds Cannon's opinion unpersuasive, the ALJ shall explain why, fully addressing the supportability and consistency factors, as well as any other relevant factors.

The Acting Commissioner's final decision is reversed, and the case is remanded. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 20th day of December, 2021.

_____
UNITED STATES MAGISTRATE JUDGE